Defendant James W. Klintworth appeals a judgment of the Court of Common Pleas of Knox County, Ohio, which found him to be a sexually oriented offender pursuant to the provisions of House Bill 180. Appellant assigns a single error to the trial court:
ASSIGNMENT OF ERROR
 HOUSE BILL 180 IN ITS RETROACTIVE APPLICATION IS VOID AS A VIOLATION AGAINST EX POST FACTO LAW [SIC] PROHIBITED BY ARTICLE 1, SECTION 10, OF THE UNITED STATES CONSTITUTION AND THE PROHIBITION OF RETROACTIVE LEGISLATION IN ARTICLE II, SECTION 28, OF THE OHIO CONSTITUTION.
On September 21, 1992, appellant was sentenced for one count of corruption of a minor in violation of R.C. 2907.04, one count of gross sexual imposition in violation of R.C. 2907.05, and one count of sexual imposition of R.C. 2907.06, after he pled guilty. Appellant is incarcerated in Orient Correctional Institution. The matter came before the trial court to determine whether appellant should be classified as a sexual predator as the Ohio Department of Rehabilitation and Correction recommended pursuant to House Bill 180. At the hearing the State modified the recommendation and asked the court to classify appellant as a sexually oriented offender as defined in R. C. 2959.01. Over appellant's objection regarding the constitutionality of House Bill 180, the court determined appellant is a sexually oriented offender. The trial court's judgment entry of December 30, 1997, makes special note of the fact one of the victims herein was under the age of eighteen, and another was under the age of thirteen.
R.C. 2950.01 (D) lists numerous offenses to be defined as sexually oriented offenses. Among those offenses are R.C.2907.04 and R.C. 2907.05, two offenses to which appellant pled guilty.
Appellant challenges the constitutionality of House Bill 180 as applied to him, characterizing it as a retro-active application in violation of the ex post facto clause contained in Article I, Section 10 of the United States Constitution and the prohibition against retroactive legislation contained in Article II, Section 28 of the Ohio Constitution.
In the recent case of State v. Cook (1998), 83 Ohio St.3d 404, the Ohio Supreme Court directly addressed the issue. The court held:
 1. R.C. 2950.09 (B)(1), as applied to conduct prior to the effective date of the statute, does not violate the Retroactivity Clause of Section 28, Article II of the Ohio Constitution.
 2. R.C. 2950.09 (B)(1), as applied to conduct prior to the effective date of the statute, does not violate the Ex Post Facto Clause of Section 10, Article I of the United States Constitution.
 Syllabus by the court.
On the authority of Cook, supra, appellant's assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas of Knox County, Ohio, is affirmed.
By Gwin, J., Wise, P.J., and Farmer, J., concur.
-----------------------
-----------------------
 ----------------------- JUDGES
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Knox County, Ohio, is affirmed. Costs to appellant.
-----------------------
-----------------------
 ----------------------- JUDGES